O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS L. HICKS,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>  Defendant. | Case No. ED CV 15-0296 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Doris L. Hicks ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Two issues are presented for decision here:

1.  Whether the Administrative Law Judge ("ALJ") properly evaluated the medical evidence, in particular, Plaintiff's treating physicians' medical opinions (*see* Joint Stip. at 5-14, 27-28); and

2.  Whether the ALJ's decision is supported by substantial evidence in light of a treating physician's opinion that was presented to the Appeals Council after the issuance of the ALJ's decision (*see id.* at 14-15).

//

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

### A. The ALJ Properly Evaluated the Medical Evidence

Plaintiff contends that the ALJ improperly rejected the (1) 2011 opinion of treating physician Dr. Kenneth Lucero, and (2) 2013 opinion of treating physician Dr. Ralph Steiger. (*See* Joint Stip. at 5-14, 27-28.)

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

#### 1. Dr. Lucero

Here, the ALJ properly rejected Dr. Lucero's opinion that Plaintiff would likely be absent from work more than three times per month, and is "disabled and not able to work," for three reasons. (AR at 22-24, 318-32.)

First, Dr. Lucero's opinion contradicted the objective medical evidence. (AR at 22-24); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give [the treating physician's opinion] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors."). For example: (1) an x-ray indicated only a mild decrease in Plaintiff's L5-S1 disc space; (2) an MRI revealed a bulging disc but no evidence of disc herniation, canal stenosis, lateral recess narrowing, or foraminal encroachments; (3) an EMG/nerve conduction study was normal; and (4) a treatment note revealed no objective indication of numbness, despite Plaintiff's subjective allegations of numbness. (*Id.* at 22-23, 209, 259, 328, 331.)

Second, Plaintiff's treatment with medication and epidural injections resulted in decreased pain. (AR at 22, 203, 259, 327, 329, 458-59); *see Warre v.Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility

2

for SSI benefits."); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming non-disability finding in part because some of claimant's conditions had a "fair response" to medication and other conditions were "satisfactorily" controlled by medication and treatment).

Third, Dr. Lucero's conclusions that Plaintiff is "disabled" and "not able to work" are issues reserved for the Commissioner. (AR at 24, 331); *see Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (2005) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ as to the existence of an impairment or the ultimate determination of disability."); 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (statements by a medical source that a claimant is "disabled" or "unable to work" "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner").

Fourth, to the extent Dr. Lucero's opinion was based on his examination of Plaintiff in 2011, it had limited probative value with respect to the relevant time period – May 23, 2008 to December 31, 2008. (AR at 16, 19, 24, 318-25, 440-42); *see Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984) (ALJ properly disregarded opinion of treating physician who examined claimant a year and a half after the relevant period).

Thus, the ALJ's rejection of Dr. Lucero's opinion is supported by substantial evidence.

            2.    <u>Dr. Steiger</u>

The ALJ also properly rejected Dr. Steiger's 2013 opinion that Plaintiff would likely be absent from work more than three times per month, and is "unable to perform full time competitive work," for three reasons. (AR at 22-24, 383-400.)

First, Dr. Steiger's opinion contradicted the objective medical evidence, discussed above. *See Batson*, 359 F.3d at 1197.

Second, Plaintiff responded to medication and treatment, as discussed above. *See Warre*, 439 F.3d at 1006; *Odle*, 707 F.2d at 440.

3

1    Third, Dr. Steiger examined and treated Plaintiff for the first time in 2013, almost five years after the relevant period. (AR at 16, 19, 24, 383, 390, 440-42); *see Lombardo*, 749 F.2d at 567; *Ritzma v. Astrue*, 279 F. App'x 555, 557 (9th Cir. 2008) (ALJ properly rejected treating physician's testimony because his medical reports showed treatment began after the relevant period); *Chavolla v. Colvin*, 2014 WL 953422, at *2 (C.D. Cal. Mar. 11, 2014) (doctor's opinion not probative because there was no evidence doctor saw claimant during relevant period).

Thus, the ALJ's rejection of Dr. Steiger's 2013 opinion is supported by substantial evidence.

### B. The ALJ's Decision Is Supported By Substantial Evidence Even In Light of New Evidence

Next, Plaintiff contends the ALJ's decision is not supported by substantial evidence in light of Dr. Steiger's 2014 opinion that Plaintiff was unable to work during the relevant period, which was presented to the Appeals Council after the issuance of the ALJ's decision.[1] (Joint Stip. at 14-15; AR at 6-9, 411-14.)

As a rule, when the Appeals Council "considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Taylor v. Comm'r Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence based on the record as a whole. *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012). //

---

[1] Dr. Steiger's "opinion" is a two-page letter explaining that he reviewed "correspondence," and, based on "retrospective judgment, subjective observations[,] and clinical findings," concluded Plaintiff would have been unable to perform "full time competitive work" during the relevant period. (AR at 413-14.)

Dr. Steiger's 2014 opinion does not change this Court's determination that the ALJ's decision is supported by substantial evidence, for three reasons.

First, Dr. Steiger's 2014 opinion suffers from the same problems as his 2013 opinion, discussed above. *See Dixon v. Colvin*, 2014 WL 2694239, *3 (W.D. Wash. June 13, 2014) (new evidence submitted to Appeals Counsel did not change district court's determination because it was "plagued by the same problems as the old (for example, it is inconsistent with the rest of the record) and [did] not change the fact that the ALJ's factual findings are supported by substantial evidence"); *Herrera v. Astrue*, 2013 WL 68611, *8 (D. Ariz. Jan. 7, 2013) (questionnaire completed by treating physician and submitted to Appeals Council as further support for his own prior opinion did not change district court's determination in light of evidence properly found contradictory by ALJ).

Second, the opinion does not appear to be based on any additional treatment by Dr. Steiger outside of his evaluation and treatment in 2013. (AR at 383, 390, 413-14); *see Russell v. Astrue*, 269 F. App'x 707, 708 (9th Cir. 2008) (ALJ properly rejected retrospective opinions of doctors who were not treating physicians during the relevant period); *Adams v. Astrue*, 2012 WL 4107882, *8 (C.D. Cal. Sept. 19, 2012) (after remand from Appeals Council, ALJ properly rejected opinion in part because no additional treatment records supported opinion).

Third, Dr. Steiger admitted that he did not review certain background records, yet speculated that the findings "must have been significant[.]" (AR at 413); *see Micus v. Bowen*, 979 F.2d 602, 607 (7th Cir. 1992) (ALJ erred in part by relying on doctor who saw claimant only once and speculated as to her past condition); *Ladue v. Chater*, 1996 WL 83880, at *5 (N.D. Cal. 1996) (error for an ALJ to afford considerable weight to an examining physician where that physician "lack[s] important background information regarding plaintiff").

Accordingly, reviewing the record as a whole, the ALJ's decision is supported by substantial evidence.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: December 11, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*